IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JACKIE MCKUBBIN, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:18-cv-2787-M (BT) |
| | § | |
| WARDEN M. UNDERWOOD, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Jackie McKubbin, a federal prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. The District Court referred the resulting civil action to the United States magistrate judge, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the petition should be DENIED.

I.

Petitioner was convicted in the United States District Court for the Western District of North Carolina of (1) conspiracy to possess with intent to distribute a quantity of cocaine and cocaine base within 1,000 feet of a school or playground, in violation of 21 U.S.C. § 846, and (2) transfer of a firearm used to commit a drug trafficking crime, in violation of 18 U.S.C. § 924(h) and 18 U.S.C. § 921(a)(3). *United States v. McKubbin*, No. 95-cr-5-03-MU (W.D.N.C. Sept. 8, 1995). He was sentenced to life in prison. Petitioner's sentence was enhanced for the possession

1

of a firearm during commission of the offense. On August 27, 2009, the sentencing court granted Petitioner's motion for sentence reduction and reduced Petitioner's sentence from life to 360 months imprisonment. Petitioner is currently incarcerated at the Federal Correctional Institution in Seagoville, Texas.

Petitioner does not challenge his convictions or sentence. Instead, he argues the Bureau of Prisons' decision to deny him early release eligibility through the Residential Drug Abuse Program (RDAP) was an abuse of discretion.

## II.

Under 18 U.S.C. § 3621(e)(2)(B), if an inmate successfully completes the RDAP, the BOP may reduce the period an inmate convicted of a nonviolent offense remains in custody. *See* 18 U.S.C. § 3621 (e)(2)(B); 28 C.F.R. § 550.55. Certain inmates, however, are not eligible for early release under the RDAP. *See* 28 C.F.R. § 550.55. As relevant here, the BOP found Petitioner was ineligible for early release under the RDAP because: (1) his conviction involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives, and by its nature or conduct presented a serious potential risk of physical force against the person or property of another; and (2) his offense constituted an attempt, conspiracy, or solicitation to commit a precluding offense. (ECF No. 9 at 8-9, citing 28 C.F.R. §§ 550.55(b)(5)(ii-iii) and 550.55(b)(6)).

Petitioner argues the BOP abused its discretion in excluding him from the RDAP program because, although his sentence was enhanced for possession of a firearm, his offense was a nonviolent offense.

The Administrative Procedures Act ("APA") provides that a person suffering a legal wrong because of an agency's action is entitled to judicial review, unless otherwise precluded by statute. *See* 5 U.S.C. §§ 701, 702. The APA, however, does not apply to the BOP's program eligibility determinations under § 3621(e). *See* 18 U.S.C § 3625 (stating the APA does "not apply to the making of any determination, decision, or order" under the subchapter that includes § 3621(e)); *see also Knapp v. United States*, No. 4:05-cv-313-Y, 2005 WL 2233587 at *2 (N.D. Tex. Sept. 13, 2005) (stating pursuant to § 3625, BOP's decision to exclude a prisoner from RDAP is not reviewable under the APA.)   Petitioner's claims that the BOP abused its discretion under the APA should therefore be denied.

Additionally, to the extent Petitioner argues the BOP exceeded its authority in categorically denying RDAP eligibility to prisoners who are convicted of a drug offense with a firearm enhancement, the claim is without merit. The Supreme Court and the Fifth Circuit have found the BOP's regulations denying RDAP eligibility to this class of prisoners is a reasonable exercise of its statutory authority. *See Lopez v. Davis*, 531 U.S. 230, 244 (2001) (stating the BOP may categorically exclude prisoners from the RDAP program, and that "an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness to

3

resort to life-endangering violence and therefore appropriately determines the early release decision."); *Handley v. Chapman*, 587 F.3d 273, 282 (5th Cir. 2009) (stating BOP regulations excluding prisoners from RDAP due to a gun enhancement are within the BOP's authority and are not arbitrary or capricious).

Finally, to the extent Petitioner argues that his exclusion from RDAP violated his constitutional rights, his claim is without merit. The Fifth Circuit has determined there is no constitutionally-protected liberty interest in receiving a sentence reduction under the RDAP. *See Richardson v. Joslin*, 501 F.3d 415, 420 (5th Cir. 2007). The Court found that "[t]he grant of discretion to the BOP in § 3621(e)(2)(B) indicates that no entitlement, and hence no liberty interest, was created." *Id.*

### III.

For the reasons stated, the Court recommends that the petition filed under 28 U.S.C. § 2241 be DENIED.

Signed February 27, 2019.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

4

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

5